1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11   FABRIC SELECTION, INC., a            Case No. CV13-05029-SVW (MANx)
     California corporation,
12
                        Plaintiff,
13                                        **PROTECTIVE ORDER ENTERED**
           vs.                            **PURSUANT TO THE PARTIES'**
14                                        **STIPULATION**
     ROMEX TEXTILES, INC., a
15   California corporation; B TWEEN,
     LLC, a New York limited liability
16   company; IKEDDI ENTERPRISES,
     INC., a New York corporation; RIPE
17   CLOTHING, an entity of an unknown
     form; BMGM CO., LLC, a New York
18   limited liability company; TOP
     FASHION OF N.Y., INC., a New York
19   corporation; MISS SPORTSWEAR,
     INC., a New York corporation;
20   VANILLA COLLECTION, INC., a
     California corporation; LANY GROUP,
21   LLC, a New York limited liability
     company; KIDS CAN'T MISS, LLC, a
22   New York limited liability company;
     FUEGO TOO, an entity of an unknown
23   form; SINJIN ENTERPRISE, INC., a
     California corporation; PINC
24   PREMIUM, an entity of an unknown
     form; JASMINE USA, INC., a
25   California corporation; KIDZ
     CONCEPTS, LLC, a New York limited
26   liability company; THAT'S MY GIRL,
     INC. a New York corporation;
27
     [Caption continued on next page]
28

MANGO USA, INC., a New York corporation; CITI TRENDS, INC., a Delaware corporation; SIMPLY FASHION STORES, INC., a Delaware corporation; CONWAY STORES, Inc., a New York corporation; VARIETY WHOLESALER, INC., a North Carolina corporation; GORDMANS STORES, INC., a Delaware corporation; VF OUTLET, INC, a Pennsylvania corporation; SHOPPER'S WORLD, an entity of an unknown form; BOSCOV'S, INC., a Pennsylvania corporation; CW PRICE, LLC, a New York limited liability company; ROSS STORES, INC., a California corporation; and DOES 1-10, inclusive,

                    Defendants.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on October 23, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been deleted, *i.e.*, paragraphs 12.5, 12.6, and 12.7, as unnecessary in this Protective Order (such terms do, however, remain in force as part of the parties' Stipulation) or substantively modified by the Court's amendment of paragraphs 1.1, 1.2, 5.2, 6.3, and 7.2 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of

the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

1. **PURPOSES AND LIMITATIONS**

1.1 The parties **have** stipulate**d** that, during the course of the above-captioned action, **they** will be disclosing to each other documents that each of them contend may contain trade secrets or other confidential commercial, proprietary, or other information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. **T**he parties **further have** stipulate**d** that their exchange of information should be governed by this Protective Order.

1.2 The parties **have** acknowledge**d** that this **Protective** Order does not confer blanket protections on all disclosures or responses to discovery. **T**he protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential.

2. **DEFINITIONS**

2.1 **Party:** Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 **Non-Party**: A non-party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff), that has agreed to be bound by the terms of this Protective Order in connection with discovery in this action.

2.3 **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to written or oral discovery in this matter.

2.4 **"Confidential" Information or Items:** Information (regardless

1  of how generated, stored, or maintained) or tangible things that qualify for

2  protection under Fed. R. Civ. P. 26(c)(G) or other applicable Federal law.

3          **2.5** **Receiving Party: A** Party that receives Disclosure or Discovery

4  Material from a Producing Party.

5          **2.6** **Producing Party: A** Party or **N**on-**P**arty that produces

6  Disclosure or Discovery Material in this action.

7          **2.7** **Designating Party: A** Party or **N**on-**P**arty that designates

8  information or items that it produces in disclosures or in responses to discovery as

9  "Confidential."

10          **2.8** **Protected Material: A**ny Disclosure or Discovery Material that

11  is designated as "Confidential."

12          **2.9** **Outside Counsel: A**ttorneys who are not employees of a Party

13  but who are retained to represent or advise a Party in this action and their support

14  staff.

15          **2.10** **House Counsel: A**ttorneys who are employees of a Party and

16  their support staff.

17          **2.11** **Counsel (without qualifier):** Outside Counsel and House

18  Counsel (as well as their support staffs).

19          **2.12** **Expert: A** person with specialized knowledge or experience in a

20  matter pertinent to the litigation who has been retained by a Party or its **C**ounsel to

21  serve as an expert witness or as a consultant in this action and who is not a past or a

22  current employee, agent, attorney, officer, director, or independent contractor of a

23  competitor of a Party and who, at the time of retention, is not anticipated to become

24  an employee, agent, attorney, officer, director or independent contractor of a

25  competitor of a Party. This definition includes professional jury or trial consultants

26  retained in connection with this litigation.

27          **2.13** **Professional Vendors: P**ersons or entities that provide litigation

28  support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or

1  demonstrations; organizing, storing, **and/or** retrieving data in any form or medium;
2  etc.) and their employees and subcontractors.

3     3.    **SCOPE:**    The protections conferred by this **Protective** Order cover
4  not only Protected Material (as defined above), but also any information copied or
5  extracted therefrom, as well as all copies, excerpts, summaries, or compilations
6  thereof, and any testimony, conversations, or presentations by **P**arties or **C**ounsel to
7  or in court or in other settings that might reveal Protected Material, including, but
8  not limited to, out-of-court conversations between **C**ounsel regarding the action,
9  unless such information and material is otherwise available or accessible to the
10  Receiving Party.

11     4.    **DURATION:**    Even after the termination of this litigation, the
12  confidentiality obligations imposed by this **Protective** Order shall remain in effect.
13  Accordingly, the Court shall retain jurisdiction following termination of this
14  litigation for the purpose of enforcing any **provision(s)** of this Protective Order.

15     5.    **DESIGNATING PROTECTED MATERIAL**

16     5.1    **Exercise of Restraint and Care in Designating Material for**
17  **Protection.**

18     a.    Each Party or **N**on-**P**arty **who or which** designates
19  information or items for protection under this **Protective** Order must take care to
20  limit any such designation to specific material that qualifies under the appropriate
21  standards.  A Designating Party must take care to designate for protection only those
22  materials, documents, items, or oral or written communications that qualify.

23     b.    If it comes to a Party's or a **N**on-**P**arty's attention that
24  information or items that it designated for protection do not qualify for protection at
25  all, or do not qualify for the level of protection initially asserted, that Party or **N**on-
26  **P**arty must promptly notify all other parties that it is withdrawing the mistaken
27  designation.

28     5.2    **Manner and Timing of Designations.**    Except as otherwise

6

provided in this **Protective** Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this **Protective** Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this **Protective** Order requires:

        a.    for information in documentary form (apart from transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" at, or as near as possible to, the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

        (i)    A Party or **N**on-**P**arty **who or which** makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this **Protective** Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend at, or as near as possible to, the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

        b.    for testimony given in deposition, that the Party or **N**on-**P**arty offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify

separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or **N**on-**P**arty that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to the period of time in which the deponent has to review and sign the transcript to identify the specific portions of the testimony as to which protection is sought.  Pending identification of those specific portions of the testimony as to which protection is sought, the deposition transcript in its entirety shall be maintained by all parties as "CONFIDENTIAL."  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be thereafter covered by the provisions of this Protective Order.

(i)      Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or **N**on-**P**arty offering or sponsoring the witness or presenting the testimony.  In the event that a party states at the deposition that he, she, or it will be designating portions of the deposition transcript as "CONFIDENTIAL," the court reporter will prepare and provide a preliminary draft of the transcript to said **P**arty in order that the report may thereafter prepare a final version of the deposition transcript bound as set forth above.

c.      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3   **Inadvertent Failures to Designate.**   If timely corrected, an inadvertent failure to designate qualified information or items as

8

1  "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to

2  secure protection under this **Protective** Order for such material.  If material is

3  appropriately designated as "CONFIDENTIAL" after the material was initially

4  produced, the Receiving Party, on timely notification of the designation, must make

5  reasonable efforts to assure that the material is treated in accordance with the

6  provisions of this **Protective** Order.

7          5.4    **Miscellaneous.**

8                  a.      Nothing in this Protective Order shall affect the right of

9  the **D**esignating **P**arty to disclose the **D**esignating **P**arty's own "CONFIDENTIAL"

10  information to any person or entity.  Such disclosure shall not waive any of the

11  protections of this Stipulation and Protective Order.

12                  b.      Nothing herein shall be construed to mean that counsel of

13  record for a party may not use "CONFIDENTIAL" materials at trial, subject to any

14  applicable objections.

15      6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

16          6.1    **Timing of Challenges.**  A **P**arty shall have sixty (60) days to

17  commence the meet and confer process with respect to raising a challenge to a

18  Designating Party's confidentiality designation.  In the event that a **P**arty fails to

19  timely make such a challenge, the **P**arty shall thereafter be required to demonstrate

20  good cause justifying its failure to timely raise a challenge as an initial burden of

21  proof with respect to any motion to challenge the confidentiality designation.

22          6.2    **Meet and Confer.**  A Party that elects to initiate a challenge to a

23  Designating Party's confidentiality designation must do so in good faith and in full

24  compliance with Local Rule 37.  In conferring, the challenging Party must explain

25  the basis for its belief that the confidentiality designation was not proper and must

26  give the Designating Party an opportunity to review the designated material, to

27  reconsider the circumstances, and, if no change in designation is offered, to explain

28  the basis for the chosen designation.  A challenging Party may proceed to the next

stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   **Judicial Intervention.**

a.      A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  The challenged material shall not be filed as part of the Local Rule 37 Joint Stipulation.  Rather, the challenged material shall be separately lodged with the Court along with a Stipulation and [proposed] Order providing that:  (1) one of the parties has requested that the attached material be re-designated with respect to confidentiality; and (2) pending resolution of the challenge to the confidentiality designation, the material shall be **lodged** under seal.

b.      Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed by Local Rule 37 and the preceding paragraph, and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

c.      The burden of persuasion in any such challenge proceeding shall **be on the Designating Party, which shall bear the burden of establishing the propriety of the designation by competent evidence.**  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the **Designating** Party's designation.

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   **Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a **Non-P**arty in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such

10

1  Protected Material may be disclosed only to the categories of persons and under the
2  conditions described in this **Protective** Order. When the litigation has been
3  terminated, a Receiving Party must comply with the provisions of section 11
4  (FINAL DISPOSITION), below. Protected Material must be stored and maintained
5  by a Receiving Party at a location and in a secure manner that ensures that access is
6  limited to the persons authorized under this **Protective** Order.

7       7.2  **Disclosure of "CONFIDENTIAL" Information or Items.**
8  Unless otherwise ordered by the **C**ourt or permitted in writing by the Designating
9  Party, a Receiving Party may disclose any information or item designated
10 CONFIDENTIAL only to:

11          a.     the Receiving Party's Outside Counsel in this action, as
12 well as employees of said Counsel to whom it is reasonably necessary to disclose
13 the information for this litigation and who have signed the "Agreement **T**o Be
14 Bound by Protective Order" that is attached hereto as Exhibit A;

15          b.     the officers, directors, and employees (including House
16 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this
17 litigation and who have signed the "Agreement to Be Bound by Protective Order"
18 (Exhibit A);

19          c.     **E**xperts (as defined in this **Protective** Order) of the
20 Receiving Party to whom disclosure is reasonably necessary for this litigation and
21 who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

22          d.     the Court and its personnel;

23          e.     court reporters, their staffs, and professional vendors to
24 whom disclosure is reasonably necessary for this litigation and who have signed the
25 "Agreement **T**o Be Bound by Protective Order" (Exhibit A);

26          f.     during their depositions, witnesses in the action, who are
27 not past or current employees, agents, attorneys, officers, directors, or independent
28 contractors of a competitor of a Party and who, at the time of their depositions, are

11

1    not anticipated to become employees, agents, attorneys, officers, directors, or
2    independent contractors of a competitor of a Party, and who have signed the
3    "Agreement **T**o Be Bound by Protective Order" (Exhibit A).  Pages of transcribed
4    deposition testimony or exhibits to depositions that reveal Protected Material must
5    be separately bound by the court reporter and may not be disclosed to anyone except
6    as permitted under this Protective Order;

7              g.      the author of the document or the original source of the
8    information.

9         **7.3    Court Access.**  Nothing in this Protective Order shall preclude
10   Court officials or any certified reporter retained to transcribe depositions in this
11   proceeding from access to designated materials during **or in connection with** Court
12   proceedings or depositions in this action.

13        8.   **PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED**
14   **PRODUCED IN OTHER LITIGATION**

15        8.1    If a Receiving Party is served with a subpoena or an order issued
16   in other litigation that would compel disclosure of any information or items
17   designated in this action as "CONFIDENTIAL," the Receiving Party must so notify
18   the Designating Party, in writing (by U.S. Mail and, if possible, by facsimile)
19   immediately and in no event more than three court days after receiving the subpoena
20   or order.  Such notification must include a copy of the subpoena or court order.

21        8.2    The Receiving Party also must immediately inform in writing the
22   Party who **or which** caused the subpoena or order to issue in the other litigation that
23   some or all the material covered by the subpoena or order is the subject of this
24   Protective Order.   In addition, the Receiving Party must deliver a copy of this
25   Protective Order promptly to the Party in the other action **who or which** caused the
26   subpoena or order to issue.

27        8.3    The purpose of imposing these duties is to alert the interested
28   parties to the existence of this Protective Order and to afford the Designating Party

in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **UNAUTHORIZED   DISCLOSURE   OF   PROTECTED MATERIAL**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately**:**  (a) notify in writing the Designating Party of the unauthorized disclosures**;** (b) use its best efforts to retrieve all copies of the Protected Material**;** (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this **Protective** Order**;** and (d) request such person or persons to execute the "Acknowledgment and Agreement **T**o Be Bound" that is attached hereto as Exhibit A.

10.   **FILING PROTECTED MATERIAL**   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party **who or which** seeks to file under seal any Protected Material must comply with all applicable Local Rules, including, but not limited to, Civil Local Rule 79-5 and 7-3**, and this Protective Order**.

11.   **FINAL DISPOSITION**

11.1   Unless otherwise ordered or agreed in writing by the Producing Party, within **60** days after a final adjudication or settlement of this action, each Receiving Party may return all Protected Material to the Producing Party or destroy the same in a manner not compromising its contents.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. With

1 permission in writing from the Designating Party, the Receiving Party may destroy
2 some or all of the Protected Material instead of returning it.

3        11.2   Whether the Protected Material is returned or destroyed, the
4 Receiving Party must, upon written request, submit a written certification to the
5 Producing Party (and, if not the same person or entity, to the Designating Party) by
6 the **60** day deadline that identifies (by category, where appropriate) all the Protected
7 Material that was returned or destroyed and that affirms that the Receiving Party has
8 not retained any copies, abstracts, compilations, summaries, or other forms of
9 reproducing or capturing any of the Protected Material.   Notwithstanding this
10 provision, Counsel are entitled to retain an archival copy of all pleadings or motion
11 papers, even if such materials contain Protected Material.   Any such archival copies
12 that contain or constitute Protected Material remain subject to this Protective Order
13 as set forth in Section 4 (DURATION), above.

14     12.   **MISCELLANEOUS**

15        12.1   **Right to Further Relief.**   Nothing in this **Protective** Order
16 abridges the right of any person to seek its modification by the Court in the future.

17        12.2   **Right to Assert Other Objections.**  By **having** stipula**ted** to the
18 entry of this Protective Order, no Party **has** waive**d** any right it otherwise would
19 have to object to disclosing or producing any information or item on any ground not
20 addressed in this Protective Order.   Similarly, no Party **has** waive**d** any right to
21 object on any ground to use in evidence of any of the material covered by this
22 Protective Order.   Moreover, this Protective Order shall not preclude or limit any
23 **P**arty's right to seek further and additional protection against or limitation upon
24 production of documents produced in response to discovery.

25        12.3   **Other Privileges.**  Nothing in this Protective Order shall require
26 disclosure of materials a **P**arty contends are protected from disclosure by the
27 attorney-client privilege or the attorney work-product doctrine.   This provision shall
28 not, however, be construed to preclude any **P**arty from moving the Court for an

1    order directing the disclosure of such materials where it disputes the claim of

2    attorney-client privilege or attorney work-product doctrine.

3         12.4   **Modifications.**   The Protective Order shall not prevent a **P**arty

4    from applying to the Court for relief therefrom, or from applying to the Court for a

5    modification of this Protective Order or further protective orders, or from agreeing

6    between themselves to modification of this Protective Order.

7         **IT IS SO ORDERED.**

8

9    Dated:  October 31, 2013

10

11   _____

12              MARGARET A. NAGLE

13        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on October 31, 2013, in the case of *Fabric Selection, Inc. v. Romex Textiles, Inc., et al.,* Case No. CV 13-05029 SVW (MANx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to liability, as well as sanctions and punishment in the nature of contempt.   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____

Signature: _____

16